UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS G. ROSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SUISUN CITY, AMTRAK, and DOES 1 TO 10,<br><br>　　　　　Defendants. | No. 2:21-cv-02214-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant[1] City of Suisun's ("Defendant") Motion to Dismiss. (ECF No. 3-1.) Plaintiff Nickolas G. Rose ("Plaintiff") opposed the motion. (ECF No. 12.) Defendant replied. (ECF No. 14.) For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED.

///
///
///
///
///
///

---

[1] Amtrak is also named as a Defendant in this matter, but does not join the instant motion.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

In the present case, Plaintiff seeks relief from Defendant for injuries sustained at an Amtrak station. (ECF No. 1 at 9.) Plaintiff was struck by a vehicle while standing on the Amtrak platform. (*Id.*) He alleges a lack of barriers or guardrails allowed the driver to hit him. (*Id.*) On September 3, 2021, Plaintiff brought the instant action against Defendant alleging a premises liability claim based on three counts — negligence, willful failure to warn, and maintaining a dangerous condition on public property. (*Id.*) Plaintiff seeks compensatory and punitive damages. (*Id.* at 7.) Defendant removed the action to this Court on December 1, 2021. (*Id.* at 2.) On December 8, 2021, Defendant filed a motion to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim on which relief can be granted. (ECF No. 3-1.) Plaintiff filed an opposition on January 12, 2022. (ECF No. 12.) Defendant filed a reply on February 3, 2022. (ECF No. 14.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

2

1    relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2    Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

3

*Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

Defendant moves to dismiss all three counts of Plaintiff's claim under Rule 12(b)(6). (ECF No. 3-1 at 5.) Defendant argues Plaintiff's counts of negligence and willful failure to warn are barred by statute. (*Id.*) Regarding the dangerous condition count, Defendant argues Plaintiff failed to allege sufficient facts. (*Id.*) In opposition, Plaintiff concedes any right to punitive damages while also providing further factual detail. (ECF No. 12 at 3.) The Court will address each count individually.

#### A.   Count One: Negligence

Plaintiff alleges a cause of action for negligence in the management and maintenance of the station. (*Id.* at 9.) Defendant contends this count is barred since the California Supreme Court has held all governmental tort liability requires a statutory basis. (ECF No. 3-1 at 7 (citing *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 795 (1985)).) In opposition, Plaintiff argues there is no such bar on negligence claims while citing to California Government Code § 835. (ECF No. 12 at 3.)

The California Tort Claims Act provides: "Except as otherwise provided by statute[,] [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the

public entity or a public employee or any other person." Cal. Gov. Code § 815. "California courts have interpreted § 815 to require a specific statutory basis for either direct or indirect claims against a public entity." *Johnson v. Sacramento Cnty.*, No. Civ. S-06-0169 RRB GGH, 2007 WL 2391015, at *3 (E.D. Cal. Aug. 22, 2007) (internal citations omitted). Therefore, while negligence claims may usually be pleaded in more general terms, the Tort Claims Act requires a cause of action against a public entity be pleaded under a particular statute. *See So. Cal. Rapid Transit*, 40 Cal. 3d at 795.

In the instant case, Plaintiff has provided no such statutory basis in his Complaint. (ECF No. 1 at 9.) Indeed, Plaintiff, initially acting *pro se*, submitted a form complaint with very little factual detail. (*Id.*) However, the briefing submitted after retention of counsel was more detailed, raising the likelihood that he could cure the complaint. Other courts in this district have granted leave to amend in similar circumstances. *See Jensen v. United States*, No. 2:12-CV-01418-JAM-EFB, 2012 WL 4755169, at *3 (E.D. Cal. Oct. 4, 2012) (granting leave to amend a complaint setting forth a negligence claim where the plaintiff's opposition brief discussed a potential statutory basis). To the extent Plaintiff asserts California Government Code § 835 is the basis for this claim, this has not been alleged in the Complaint. Plaintiff must set forth a statutory basis for the negligence cause of action in an amended complaint to provide grounds for relief. Accordingly, the Court GRANTS Defendant's motion to dismiss Count One with leave to amend.

B.   Count Two: Willful Failure to Warn

Plaintiff alleges premises liability due to Defendant's failure to warn him of a dangerous condition. (ECF No. 1 at 9.) Defendant argues California Civil Code § 846 has been held to be inapplicable to public entities. (ECF No. 3-1 at 7 (citing *Delta Farms Reclamation Dist. v. Super. Ct.*, 33 Cal. 3d 699, 710 (1983)).) Plaintiff asserts no defense in opposition. (*See* ECF No. 12.)

Under California Civil Code § 846, landowners are liable where they fail "to guard or warn against a dangerous condition." *See* Cal. Civ. Code § 846(d)(1). However, the California Supreme Court has indeed held public entities are not bound by the provisions of § 846. *See Delta Farms*, 33 Cal. 3d at 709–10 (finding three sections of the California Civil Code "negative the applicability of [§] 846 to public entities"). Here, Plaintiff does not dispute Defendant is a

1 public entity.  (ECF No. 1 at 6; *see also* ECF No. 12.)  As a public entity, Defendant is therefore

2 not bound by California Civil Code § 846.  Thus, Plaintiff has failed to provide grounds showing

3 he is entitled to relief under this theory.  *See Twombly*, 550 U.S. at 570.  Accordingly, the Court

4 GRANTS Defendant's motion to dismiss Count Two without leave to amend.

5           C.          Count Three: Dangerous Condition

6       Plaintiff also alleges Defendant maintained a dangerous condition on its property in

7 violation of § 835 of the California Government Code.  (ECF No. 1 at 9.)  Defendant argues

8 Plaintiff has pleaded insufficient facts.  (ECF No. 3-1 at 9.)  In response, Plaintiff asserts the

9 complaint is sufficient, but notes if given leave to amend, he can provide further factual support.

10 (ECF No. 12 at 3.)

11       A cause of action under § 835 requires a showing of: (1) a dangerous condition on public

12 property; (2) which was the proximate cause; (3) of an injury reasonably foreseeable as a

13 consequence of the dangerous condition; and (4) which was either created by an employee's

14 negligent or wrongful act or maintained despite the actual or constructive notice of the public

15 entity.  *See* Cal. Gov. Code § 835.  A dangerous condition creates a substantial risk of injury

16 when the property is used with due care in a reasonably foreseeable manner.  *See id.* § 830.

17       Here, the Court agrees the Complaint is insufficient on its face, but Plaintiff should be

18 given the chance to amend.  Plaintiff's Complaint satisfies the second element by identifying a

19 feature of the station — the lack of barriers or guardrails — as a proximate cause of being struck

20 by a vehicle.  (ECF No. 1 at 9.)  However, the rest of the elements are insufficiently pleaded.

21 Regarding the first element, Plaintiff does not set forth a way in which the lack of guardrails is a

22 dangerous condition under § 830.  (*Id.*)  Nor does Plaintiff satisfy the third element by showing

23 the injury was reasonably foreseeable as a consequence of the lack of guardrails.  (*Id.*)  There is

24 no allegation of an act by an employee creating or maintaining the dangerous condition by a

25 negligent or wrongful act despite actual or constructive notice, leaving the fourth element

26 unsatisfied as well.  (*Id.*)  Thus, the conclusion that Defendant maintained a dangerous condition

27 is not supported with enough facts to make it plausible on its face.  *See Twombly*, 550 U.S. at 570.

28 ///

However, Plaintiff sets forth additional facts in his opposition which could cure the complaint should he be given leave to amend. (ECF No. 12 at 3.) Such post-complaint allegations are not considered as part of the motion to dismiss analysis. *See Mir*, 844 F.2d at 649. They do, however, demonstrate the potential to cure the complaint, and so the Court grants Plaintiff leave to amend to address any shortcomings. *See Lopez*, 203 F.3d at 1130. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Count Three with leave to amend.

### IV. CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS Defendant's Motion to Dismiss as follows:

1. Defendant's Motion to Dismiss Count One is GRANTED with leave to amend;
2. Defendant's Motion to Dismiss Count Two is GRANTED without leave to amend; and
3. Defendant's Motion to Dismiss Count Three is GRANTED with leave to amend.

Plaintiff may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendant's responsive pleading is due within twenty-one (21) days of the electronic filing date of Plaintiff's amended complaint.

IT IS SO ORDERED.

DATED: August 8, 2022

Troy L. Nunley
United States District Judge