UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS G. ROSE,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SUISIN CITY, et al.,<br><br>  Defendants. | No. 2:21-cv-02214-DAD-CKD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 35) |

This matter is before the court on the motion for judgment on the pleadings filed by defendants Amtrak and Union Pacific Railroad Company (the "railroad defendants") on October 31, 2023. (Doc. No. 35.) On November 13, 2023, this motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 36.) For the reasons explained below, the court will grant the motion for judgment on the pleadings and enter judgment in the railroad defendants' favor.

**BACKGROUND**

On September 3, 2021, plaintiff Nickolas G. Rose filed a complaint in the Solano County Superior Court initiating this tort lawsuit against defendants Suisun City, Amtrak, and unnamed Doe defendants 1–10. (Doc. No. 1 at 1.) Defendant Suisun City removed the action to this federal court pursuant to 28 U.S.C. §§ 1331 and 1349. (*Id*. at 1–2.) On December 8, 2021,

1

1  defendant Suisun City filed a motion to dismiss the complaint, which the previously assigned
2  district court judge granted, with leave to amend.  (Doc. Nos. 3, 15.)  The case was subsequently
3  reassigned to the undersigned on August 25, 2022 (Doc. No. 16) and plaintiff filed his first
4  amended complaint ("FAC") (Doc. No. 18) on August 26, 2022.  The FAC added Union Pacific
5  Railroad Company ("UP") as a defendant.  (Doc. No. 18 at 3.)

6  On September 23, 2022, plaintiff filed a stipulation to file a second amended complaint
7  ("SAC") and attached his proposed SAC.  (Doc. No. 23.)  On September 26, 2022, the court
8  ordered plaintiff to file his SAC within seven days pursuant to that stipulation.  To date, plaintiff
9  has still not filed his SAC.  Thus, plaintiff's FAC is the operative complaint.  On October 11,
10 2022, the railroad defendants filed answers to the FAC.  (Doc. Nos. 28, 29.)  In his FAC, plaintiff
11 alleges the following.

12 Suisun-Fairfield station is an Amtrak station in Suisun City, California.  (Doc. No. 18 at
13 ¶ 16.)  It serves both Suisun City and nearby Fairfield.  (*Id.*)  It is served by the Amtrak Capitol
14 Corridor commuter rail line between Auburn and San Jose through Oakland.  (*Id.*)  The station is
15 owned by defendant Suisun City, and the tracks and platform are owned by defendant UP.  (*Id.* at
16 ¶ 19.)  As the owner of the train and line running through the station, defendant Amtrak also
17 manages the station and tracks.  (*Id.*)

18 In recent years, a homeless encampment sprouted up adjacent to the train station.  (*Id.* at
19 ¶¶ 2, 21.)  There are no barriers, fences, or other divides from the homeless encampment to the
20 train station.  (*Id.* at ¶¶ 3, 22.)  There is criminality at this homeless encampment, including drug
21 use and visible symbols of racism and hate, such as Nazi swastikas.  (*Id.* at ¶ 2.)  Homeless
22 persons from the encampment routinely come up onto the tracks and station and panhandle,
23 urinate, and on occasion physically and verbally harass train passengers.  (*Id.* at ¶¶ 3, 4.)
24 Sometimes these persons yell out racial or other slurs at passengers waiting at the train station.
25 (*Id.*)  Defendants or their officials or staff never attempt to stop the homeless people from
26 gathering at the station and have never attempted to erect a barrier or fence between the homeless
27 encampment and the train station.  (*Id.* at ¶ 4.)
28 /////

1    On or about August 1, 2020, plaintiff was at the Suisun-Fairfield train station.  (*Id*. at ¶¶ 1, 3.)  A homeless person began taunting plaintiff in a racially charged manner from the homeless camp while plaintiff was on the station platform.  (*Id.* at ¶¶ 4, 23.)[1]  Plaintiff, as an African-American male, felt fearful and unwelcome at the train station.  (*Id.* at ¶ 2.)  The homeless person, who was white, called plaintiff the n-word.  (*Id.* at ¶ 4.)  Plaintiff made finger gestures in response.  (*Id.*)  The homeless man then stole a car and drove that vehicle onto the station platform, where it collided with plaintiff and seriously injured him.  (*Id*.)  Plaintiff sustained a fracture to his vertebrae and was hospitalized.  (*Id.* at ¶¶ 1, 41.)  Plaintiff "has received a cervical fusion and medical specials exceed[ing] one half million dollars."  (*Id.* at ¶ 1.)  According to plaintiff, the nuisance created by the homeless camp is "specifically injurious to [p]laintiff, as a black man, resulting in damages and injuries of a different type and effect from the damagers [sic] and injuries which have resulted to the entire community."  (*Id.* at ¶¶ 34, 36.)

Based on these allegations, in his FAC plaintiff brings the following three claims against all defendants:  (1) private nuisance; (2) public nuisance; and (3) premises liability.  (*Id.* at ¶¶ 26–42.)

On October 31, 2023, the railroad defendants filed the pending motion for judgment on the pleadings.  (Doc. No. 35.)  On November 13, 2023, plaintiff filed his opposition, and on November 15, 2023 the railroad defendants filed their reply thereto.  (Doc. Nos. 37, 38.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]"  *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008).  In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the

---

[1] Although not relevant for the purposes of this order, the court notes that in the FAC, plaintiff first alleges that he was standing on the station platform (Doc. No. 18 at ¶ 4) and later alleges that he was standing on the train tracks when the taunting began.  (*Id.* at ¶ 23.)

3

1  light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.
2  2009).
3        The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought
4  under Rule 12(c). *See Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989).
5  Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in
6  the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of
7  law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012)
8  (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*,
9  581 F.3d at 925 (stating that "judgment on the pleadings is properly granted when there is no
10 issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").
11 The allegations of the complaint must be accepted as true, while any allegations made by the
12 moving party that contradict the allegations of the complaint are assumed to be false. *See*
13 *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed
14 in the light most favorable to the non-moving party and all reasonable inferences are drawn in
15 favor of that party. See *Living Designs, Inc. v. E.I. DuPont de Nemours & Co*., 431 F.3d 353,
16 360 (9th Cir. 2005).

17       **ANALYSIS**

18 **A.    Private Nuisance**

19       The railroad defendants move for judgment on the pleadings as to plaintiff's claim for
20 private nuisance, arguing that plaintiff has not alleged that he owned or controlled the train station
21 or adjacent property where the relevant events occurred. (Doc. No. 35 at 7–8.) California law
22 defines a nuisance, in part, as "[a]nything which is injurious to health . . . or is indecent or
23 offensive to the senses, or an obstruction to the free use of property, so as to interfere with the
24 comfortable enjoyment of life or property . . . ." Cal. Civ. Code § 3479. "[T]o proceed on a
25 private nuisance theory, the plaintiff must prove an injury specifically referable to the use and
26 enjoyment of his or her land." *Coppola v. Smith*, 935 F. Supp. 2d 993, 1018 (E.D. Cal. 2013)
27 (quoting *Monks v. City of Rancho Palos Verdes*, 167 Cal. App. 4th 263, 302 (2008), *as modified*
28 *on denial of reh'g* (Oct. 22, 2008)); *see also City of Los Angeles v. San Pedro Boat Works*, 635

F.3d 440, 452 (9th Cir. 2011) ("California nuisance law follows the Restatement approach to public and private nuisance" and "the Restatement's definition of a private nuisance [requires] substantial and unreasonable interference with plaintiff's enjoyment of his land"). In his opposition, plaintiff does not contest that the elements of a private nuisance claim have not been alleged and acknowledges that his "first cause of action for private nuisance should be dismissed." (Doc. No. 37).

Accordingly, the court will grant the railroad defendants' pending motion for judgment on the pleadings with regard to plaintiff's private nuisance claim.

**B.   Public Nuisance**

The railroad defendants also move for judgment on the pleadings as to plaintiff's claim for public nuisance, arguing that plaintiff's injuries are the result of an unforeseeable superseding cause, and therefore plaintiff cannot show that the railroad defendants' conduct was a substantial factor in causing plaintiff's injuries. (Doc. No. 35 at 9.) Plaintiff does not respond to this argument in his opposition to the pending motion. (Doc. No. 37.) "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons." Cal. Civ. Code § 3480.

"A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." *Id.* § 3493. "A long-standing principle of California nuisance law is that liability only 'extends to damage which is proximately or legally caused by the defendant's conduct, not to damage suffered as a proximate result of the independent intervening acts of others.'" *Schonbrun v. SNAP, Inc.*, No. 21-cv-07189-PSG-MRW, 2022 WL 2903118, at *9 (C.D. Cal. Mar. 15, 2022), *reconsideration denied*, No. 21-cv-07189-PSG-MRW, 2022 WL 2903128 (C.D. Cal. May 10, 2022) (quoting *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1565 (1990)). "Although proximate cause is often a question of fact, 'it becomes a question of law when the facts of the case permit only one reasonable conclusion.'" *Schonbrun*, 2022 WL 2903118, at *9 (quoting *Capolungo v. Bondi*, 179 Cal. App. 3d 346, 354 (1986)).

Here, plaintiff's public nuisance claim fails as a matter of law because the facts alleged permit only one reasonable conclusion—that the railroad defendants did not proximately cause

5

plaintiff's injuries. *See Schonbrun*, 2022 WL 2903118, at *9 (finding that the facts only permitted the court to reasonably conclude that the defendants did not proximately cause the fire that burned down the plaintiff's building). In this regard, plaintiff alleges that the railroad defendants "fail[ed] to maintain the public property under their control" which "perpetuat[ed] and facilitat[ed] nuisance violations," and that "each defendant's actions and inactions were a proximate cause of [p]laintiff's injuries." (Doc. No. 18 at ¶¶ 25, 35). However, plaintiff's allegations make clear that proximate cause is not satisfied because the injury plaintiff suffered was caused by the independent intervening act of another—namely, the person plaintiff describes as a "violent, deranged homeless person, who stole a car, and drove it onto the platform." (Doc. No. 18 at ¶ 1). Again, the decision in *Schonbrun* is on point and instructive. There, under very similar circumstances, the court concluded:

> Plaintiff alleges that [the defendants] failed to maintain the public property under their control by permitting a homeless encampment to exist adjacent to Plaintiff's building that contributed to causing the fire that burned down the building. But it is evident that proximate cause is not satisfied because the injury Plaintiff suffered was caused by the independent intervening acts of others—i.e., those in the homeless encampment.

*Schonbrun*, 2022 WL 2903118, at *9 (internal citations and quotations omitted).

Accordingly, because plaintiff cannot demonstrate that the railroad defendants proximately caused his injuries, his public nuisance claim also fails as a matter of law. *See Martinez*, 225 Cal. App. 3d at 1560, 1565–57 (affirming the trial court's dismissal of the plaintiff's nuisance claim against a telephone company whose payphone became a "haunt of undesirables," as the telephone was not the proximate cause of the robbery that injured plaintiff due to the intervening acts of others). Therefore, the court will grant the railroad defendants' pending motion for judgment on the pleadings with regard to plaintiff's public nuisance claim.[2]

/////

/////

---

[2] In their motion for judgment on the pleadings, the railroad defendants also argue that plaintiff's claim for public nuisance fails because plaintiff does not allege that the railroad defendants created the nuisance. (Doc. No. 35 at 8.) The court, having already found that the public nuisance claim must fail, declines to address this additional argument.

**C.  Premises Liability**

Next, the railroad defendants move for judgment on the pleadings as to plaintiff's premises liability claim, arguing that plaintiff also cannot state a claim for premises liability due to the unforeseeable and superseding cause of the driver intentionally driving onto the train platform.  (Doc. No. 35 at 9.)  Again, plaintiff does not respond to this argument in his opposition to the pending motion.  (*See* Doc. No. 37.)

"Under California law, the elements of premises liability are the same as negligence: a legal duty of care, breach of that duty, and proximate cause resulting in injury."  *Wilson v. Pan NorCal, LLC*, No. 2:18-cv-00660-KJM-KJN, 2022 WL 2917592, at *6 (E.D. Cal. July 25, 2022) (internal citations and quotation marks omitted); *see also Cruz-Sanchez v. Nat'l R.R. Passenger Corp.*, No. 16-cv-06368-MWF-KS, 2018 WL 6017034, at *6 (C.D. Cal. June 8, 2018) ("To prevail on a premises liability claim (which, as noted above, is a subcategory of negligence), a plaintiff must establish that the defendant owned or controlled the property, that the defendant was negligent in the use or maintenance of the property, that the plaintiff was harmed, and that the defendant's negligence was a substantial factor in causing the harm.") (internal citations and quotation marks omitted).  Thus, the court incorporates its analysis set forth above rejecting plaintiff's premises liability claim.  Accordingly, the court concludes that the railroad defendants did not proximately cause plaintiff's injuries under the facts alleged, and will grant defendant's motion as to this claim as well.  *See Est. of Mann v. Cnty. of Stanislaus*, No. 1:21-cv-01098-MCE-JDP, 2024 WL 266116, at *4 (E.D. Cal. Jan. 24, 2024) (dismissing the police officer defendant's negligence crossclaim where the court concluded that proximate cause was insufficiently pled in that the officer's own use of force was an unforeseeable superseding cause of injury).[3]

/////

---

[3]  In their pending motion for judgment on the pleadings, the railroad defendants also argue that plaintiff's claim for premises liability fails because plaintiff does not allege that the railroad defendants owned or controlled the property where the dangerous condition existed.  (Doc. No. 35 at 9.)  The court, having already found that the premises liability claim fails as a matter of law, declines to address this additional argument.

**D.      Leave to Amend**

The court also concludes that the granting of leave to amend is not appropriate here. Courts do have the discretion to grant a motion for judgment on the pleadings with leave to amend. *Diaz v. Trans Union LLC*, No. 1:18-cv-01341-DAD-EPG, 2019 WL 2389937, at *4 (E.D. Cal. June 6, 2019) (citing *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004)). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ."). Here, plaintiff has already received two opportunities to amend his complaint. (Doc. Nos. 18, 24.) As noted previously, plaintiff failed to make use of his second opportunity, as he never filed his SAC despite this court's order granting him leave to do so.[4] Further, plaintiff filed only a four-page opposition brief in response to the pending motion for judgment on the pleadings, none of which addressed the railroad defendants' argument that all of plaintiff's claims against them must fail for lack of proximate cause because plaintiff's injuries were the result of a superseding cause. (Doc. No. 37.) Accordingly, the court concludes that the granting of further leave to amend would be futile. *See Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 1:19-cv-00484-DAD-SAB, 2019 WL 5618169, at *4 (E.D. Cal. Oct. 31, 2019) (denying the plaintiff's motion for leave to file a FAC as futile because the "plaintiff fail[ed] to respond in his opposition to [the] defendants' argument . . . effectively conceding his claims").

/////

/////

/////

/////

---

[4] In the pending motion, the railroad defendants also argue that plaintiff's suit should be dismissed with prejudice for violating the court's order that plaintiff file a SAC by October 3, 2022. (Doc. No. 35 at 7.) The court will decline to address this argument and will grant the pending motion on the merits for the reasons discussed above.

**CONCLUSION**

For the reasons set forth above:

1. The motion for judgment on the pleadings filed by defendants Amtrak and Union Pacific Railroad Company (Doc. No. 35) is granted as to the claims asserted against them, without leave to amend;

2. The Clerk of the Court is directed to update the docket to reflect that defendants Amtrak and Union Pacific Railroad Company have been terminated from this action; and

3. The Clerk of the Court is directed to enter judgment in favor of defendants Amtrak and Union Pacific Railroad Company.

IT IS SO ORDERED.

Dated:  **April 15, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE