1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICKOLAS G. ROSE,                          No.  2:21-cv-02214-DAD-CKD

12                    Plaintiff,

13          v.                                  ORDER GRANTING DEFENDANT'S
                                                MOTION FOR JUDGMENT ON THE
14   CITY OF SUISIN CITY, et al.,               PLEADINGS

15                    Defendants.               (Doc. No. 42)

16

17

18          This matter is before the court on the motion for judgment on the pleadings filed by

19   defendant City of Suisun City ("defendant City") on October 11, 2024.  (Doc. No. 42.)  For the

20   reasons explained below, the court will grant the motion for judgment on the pleadings and enter

21   judgment in defendant City's favor.

22                                    **BACKGROUND**

23          On September 3, 2021, plaintiff Nickolas G. Rose filed a complaint in the Solano County

24   Superior Court initiating this tort lawsuit against defendants Suisun City, Amtrak, and unnamed

25   Doe defendants 1–10.  (Doc. No. 1 at 1.)  Defendant City removed the action to this federal court

26   pursuant to 28 U.S.C. §§ 1331 and 1349.  (*Id.* at 1–2.)  On December 8, 2021, defendant City

27   filed a motion to dismiss the complaint, which the previously assigned district court judge

28   granted, with leave to amend.  (Doc. Nos. 3, 15.)  The case was subsequently reassigned to the

                                                1

undersigned on August 25, 2022.  (Doc. No. 16.)  Plaintiff filed his first amended complaint ("FAC") on August 26, 2022.  (Doc. No. 18.)  The FAC added Union Pacific Railroad Company ("UP") as a defendant.  (Doc. No. 18 at 3.)

On September 23, 2022, the parties filed a stipulation allowing plaintiff to file a second amended complaint ("SAC") which included plaintiff's proposed SAC.  (Doc. No. 23.)  On September 26, 2022, the court ordered plaintiff to file his SAC within seven days pursuant to that stipulation.  (Doc. No. 24.)  To date, plaintiff has not filed his SAC.  Thus, plaintiff's FAC remains the operative complaint in this action.  In his FAC, plaintiff alleges the following.

Suisun-Fairfield station is an Amtrak station in Suisun City, California.  (Doc. No. 18 at ¶ 16.)  It serves both Suisun City and nearby Fairfield.  (*Id.*)  It is served by the Amtrak Capitol Corridor commuter rail line between Auburn and San Jose through Oakland.  (*Id.*)  The station is owned by defendant City, and the tracks and platform are owned by defendant UP.  (*Id.* at ¶ 19.)  As the owner of the train and line running through the station, defendant Amtrak also manages the station and tracks.  (*Id.*)

In recent years, a homeless encampment sprouted up adjacent to the train station.  (*Id.* at ¶¶ 2, 21.)  There are no barriers, fences, or other divides from the homeless encampment to the train station.  (*Id.* at ¶¶ 3, 22.)  There is criminality at this homeless encampment, including drug use and visible symbols of racism and hate, such as Nazi swastikas.  (*Id.* at ¶ 2.)  Homeless persons from the encampment routinely come up onto the tracks and into station and panhandle, urinate, and on occasion physically and verbally harass train passengers.  (*Id.* at ¶¶ 3, 4.)  Sometimes these persons yell out racial or other slurs at passengers waiting at the train station.  (*Id.*)  Defendants or their officials or staff never attempt to stop the homeless people from gathering at the station and have never attempted to erect a barrier or fence between the homeless encampment and the train station.  (*Id.* at ¶ 4.)

On or about August 1, 2020, plaintiff was at the Suisun-Fairfield train station.  (*Id.* at ¶¶ 1, 3.)  A homeless person began taunting plaintiff in a racially charged manner from the homeless

/////

/////

camp while plaintiff was on the station platform. (*Id.* at ¶¶ 4, 23.)[1]  Plaintiff, as an African-American male, felt fearful and unwelcome at the train station. (*Id.* at ¶ 2.)  The homeless person, who was white, called plaintiff the n-word. (*Id.* at ¶ 4.)  Plaintiff made finger gestures in response. (*Id.*)  The homeless man then stole a car and drove that vehicle onto the station platform, where it collided with plaintiff and seriously injured him. (*Id.*)  Plaintiff sustained a fracture to his vertebrae and was hospitalized. (*Id.* at ¶¶ 1, 41.)  Plaintiff "has received a cervical fusion and medical specials exceed[ing] one half million dollars." (*Id.* at ¶ 1.)  According to plaintiff, the nuisance created by the homeless camp is "specifically injurious to [p]laintiff, as a black man, resulting in damages and injuries of a different type and effect from the damagers [sic] and injuries which have resulted to the entire community." (*Id.* at ¶¶ 34, 36.)

Based on these allegations, in his FAC plaintiff brings the following three claims against all defendants: (1) private nuisance; (2) public nuisance; and (3) premises liability. (*Id.* at ¶¶ 26–42.)

On October 31, 2023, defendants Amtrak and UP filed a motion for judgment on the pleadings which the court subsequently granted and terminated defendants Amtrak and UP from this action. (Doc. Nos. 35, 39.)  On October 11, 2024, defendant City filed its motion for judgment on the pleadings. (Doc. No. 42.)  When plaintiff did not file any response, the court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute and comply with Local Rules. (Doc. No. 44.)  In response, plaintiff filed a statement of non-opposition to defendant City's pending motion. (Doc. No. 45.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]" *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal.

---

[1]  Although not relevant for the purposes of this order, the court notes that in the FAC, plaintiff first alleges that he was standing on the station platform (Doc. No. 18 at ¶ 4) and later alleges that he was standing on the train tracks when the taunting began. (*Id.* at ¶ 23.)

1    2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008).  In reviewing a motion brought under Rule 12(c),

2    the court "must accept all factual allegations in the complaint as true and construe them in the

3    light most favorable to the nonmoving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.

4    2009).

5          The same legal standard governing a Rule 12(b)(6) motion are applicable to a motion

6    brought under Rule 12(c).  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.

7    1989).  Accordingly, "judgment on the pleadings is properly granted when, taking all the

8    allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment

9    as a matter of law."  *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir.

10   2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also*

11   *Fleming*, 581 F.3d at 925 (stating that "judgment on the pleadings is properly granted when there

12   is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of

13   law").  The allegations of the complaint must be accepted as true, while any allegations made by

14   the moving party that contradict the allegations of the complaint are assumed to be false.  *See*

15   *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed

16   in the light most favorable to the non-moving party and all reasonable inferences are drawn in

17   favor of that party.  *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360

18   (9th Cir. 2005).

19                                          **ANALYSIS**

20         In its pending motion for judgment on the pleadings, defendant City first argues that it is

21   entitled to judgment as a matter of law because all three of plaintiff's claims are "based in

22   common law," "plaintiff has cited no statutory authority as a basis for these claims," and "claims

23   devoid of a statutory basis cannot state a cause of action against a public entity."  (Doc. No. 42-1

24   at 5.)  Defendant City next argues that each of plaintiff's three claims also individually fail for the

25   same reasons the court concluded in its prior order that plaintiff's claims as brought against

26   defendants Amtrak and UP failed.  (*Id*. at 6–9.)

27         The court agrees that plaintiff's three claims fail as a matter of law as alleged against

28   defendant City for the same reasons as set out in its prior order addressing the motion brought by

                                               4

1    defendants Amtrak and UP.  As to the first claim for private nuisance, because plaintiff has not

2    alleged that "he owned or controlled the train station or adjacent property where the relevant

3    events occurred," judgment must be granted in defendant City's favor.  (Doc. No. 39 at 4–5)

4    (citing *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 452 (9th Cir. 2011)

5    ("California nuisance law follows the Restatement approach to public and private nuisance" and

6    "the Restatement's definition of a private nuisance [requires] substantial and unreasonable

7    interference with plaintiff's enjoyment of *his* land") (emphasis added)).

8         As to plaintiff's second claim for public nuisance, and as the court stated previously, "a

9    long-standing principle of California nuisance law is that liability only 'extends to damage which

10   is proximately or legally caused by the defendant's conduct, not to damage suffered as a

11   proximate result of the independent intervening acts of others.'"  *Schonbrun v. SNAP, Inc.*, No.

12   21-cv-07189-PSG-MRW, 2022 WL 2903118, at *9 (C.D. Cal. Mar. 15, 2022), *reconsideration

13   denied*, No. 21-cv-07189-PSG-MRW, 2022 WL 2903128 (C.D. Cal. May 10, 2022) (quoting

14   *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1565 (1990)).  This court observed in its prior order

15   that "plaintiff's allegations make clear that proximate cause is not satisfied because the injury

16   plaintiff suffered was caused by the independent intervening act of another—namely, the person

17   plaintiff describes as a violent, deranged homeless person, who stole a car, and drove it onto the

18   platform."  (Doc. No. 39 at 6.)  This analysis applies to defendant City as well, and it warrants

19   judgment in defendant City's favor on plaintiff's second claim for public nuisance.

20        As to plaintiff's third claim for premises liability, and as the court also stated in its prior

21   order, the elements "are the same as negligence:  a legal duty of care, breach of that duty, and

22   proximate cause resulting in injury."  *Wilson v. Pan NorCal, LLC*, No. 2:18-cv-00660-KJM-KJN,

23   2022 WL 2917592, at *6 (E.D. Cal. July 25, 2022).  Accordingly, because the court has found as

24   a matter of law that defendant City did not proximately cause plaintiff's injuries under the facts

25   alleged in the FAC, the court will grant defendant City's motion as to this claim as well.

26        Given this analysis, the court finds that it need not address defendant City's independent

27   argument that it is entitled to judgment on the pleadings due to plaintiff's failure to identify a

28   statutory basis for his claims.  Further, in light of the two opportunities plaintiff has already

received to amend his complaint, and in light of his filing of a notice of non-opposition to defendant City's pending motion, the court concludes that the granting of further leave to amend would be futile. *See Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 1:19-cv-00484-DAD-SAB, 2019 WL 5618169, at *4 (E.D. Cal. Oct. 31, 2019) (denying the plaintiff's motion for leave to file an amended complaint as futile because the "plaintiff fail[ed] to respond in his opposition to [the] defendants' argument . . . effectively conceding his claims").

### CONCLUSION

For the reasons set forth above:

1.     The motion for judgment on the pleadings filed by defendant City of Suisun City (Doc. No. 42) is GRANTED as to all claims asserted against it, without leave to amend;

2.     The Clerk of the Court is directed to update the docket to reflect that defendant City of Suisun City has been terminated from this action;

3.     The Clerk of the Court is directed to enter judgment in favor of defendant City of Suisun City; and

4.     The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 1, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6